IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH BUTUSOV, ) | |
| No. K55823, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00580-MJR |
| ) | |
| DR. JOHN COE, ) | |
| TRAVIS JAMES, ) | |
| STEPHEN DUNCAN, ) | |
| DR. PHIL MARTIN, and ) | |
| DR. LOUIS SHICKER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Kenneth Butusov is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff, who is a paraplegic, brings this action for deprivations of his constitutional rights with respect to how his osteomyelitis[1] has been treated.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

---

[1] Osteomyelitis is an infection of the bone, commonly treated with antibiotics, and which may require surgery to remove parts of the bone that have died. Complications include bone death requiring amputation, and septic arthritis, where the infection spreads to nearby joints. http://www.mayoclinic.org/diseases-conditions/osteomyelitis/basics/definition/con-20025518.

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, in March 2015 an outside wound care center diagnosed Plaintiff as having osteomyelitis. The diagnosis was confirmed by an MRI. The doctor at the wound care center recommended immediate, aggressive treatment with antibiotics, and debridement by a surgeon. Lawrence Medical Director Dr. John Coe and Physician's Assistant Travis James have not followed through with the treatment recommendations, despite multiple requests from Plaintiff. P.A. James has explained that Dr. Coe is "the boss."

The infection has caused Plaintiff to run a fever for weeks. In December 2014, Plaintiff was admitted to the prison infirmary with a fever of 104-106º. Dr. Coe denied Plaintiff's request to be taken to the emergency room. No blood tests were performed, and no wound cultures were taken; Plaintiff was not even given IV fluids.

Plaintiff sent two emergency grievances to Warden Stephen Duncan, but he was told to proceed using the normal grievance procedures. Plaintiff then wrote to IDOC Director Godinez (who is not a named defendant); that letter was forwarded Medical Director Dr. Louis Shicker. Dr. Shicker wrote to Plaintiff, dismissing Plaintiff's concerns. Similarly, Lawrence Health Care Administrator Phil Martin dismissed Plaintiff's complaints. Plaintiff asserts that the nurses all agree that he is not being treated properly, but no one wants to cross Dr. Coe.

Plaintiff contends he is in imminent danger and should be transferred and given immediate treatment for his osteomyelitis. He also seeks compensatory damages.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations into the following overarching claim.

> **Count 1: Defendants Coe, James, Duncan, Martin and Shicker were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Thus, at this early juncture Plaintiff's osteomyelitis and related infection and fever appear sufficiently serious to implicate the Eighth Amendment.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior, the equivalent of criminal recklessness must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). Case law illustrates that when medical care is at issue, a defendant's skill level and ability to act are relevant to liability.

As a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. However, because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, a warden, for example, cannot face liability *merely* because he is the chief administrative officer of the prison. Wardens and top level administrators are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir. 2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). However, for example, "nurses may generally defer to instructions given by physicians, 'but that deference may not be blind or unthinking, particularly if it is apparent that the physician's order will likely harm the patient.'" *Holloway v. Delaware County*

*Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (quoting *Berry v. Peterman,* 604 F.3d 435, 443 (7th Cir. 2010)).

Questions of fact abound regarding the propriety of the course of treatment that has been followed, and the role of each defendant in treatment decisions. Thus, the complaint, and the accompanying documentation, appear to offer a sufficient basis for alleging deliberate indifference by each of the defendants, even the administrators and the physician's assistant who were notified of what *appears* to be a objectively serious situation. Count 1, therefore, will proceed against all named defendants.

## Imminent Danger

Although Plaintiff has not moved for injunctive relief, Plaintiff's reference to imminent danger causes the Court to *sua sponte* consider whether a temporary restraining order is warranted.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The complaint indicates that the high fever Plaintiff had in December has subsided, and there is no indication that he is in pain or in any other imminent harm that warrants immediate intervention by the Court. Consequently, no TRO will be issued.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Eighth Amendment claim in **COUNT 1** shall **PROCEED** against Defendants **DR, JOHN COE, TRAVIS JAMES, STEPHEN DUNCAN, DR. PHIL MARTIN and DR. LOUIS SHICKER**.

The Clerk of Court shall prepare for Defendants **DR, JOHN COE, TRAVIS JAMES, STEPHEN DUNCAN, DR. PHIL MARTIN and DR. LOUIS SHICKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 5) is **DENIED**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 24, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**